IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RONALD ROBINSON,<br>individually and on behalf of all others<br>similarly situated,<br><br>    Plaintiff,<br>  v.<br><br>RWLS, LLC d/b/a RENEGADE SERVICES,<br>MATTHEW GRAY AND RANDY<br>CASSADY,<br><br>    Defendants. | C.A. No: 5:16-cv-201-OLG-JWP |

## ANSWER TO SECOND AMENDED COMPLAINT AND ADDITIONAL DEFENSES

AND NOW COMES Defendants RWLS, LLC, d/b/a Renegade Wireline Services ("RWLS"), Matthew Gray ("Gray"), and Randy Cassady ("Cassady"), (collectively "Defendants"), by their undersigned counsel, and state the following answers and additional defenses to the Second Amended Complaint ("SAC") filed by Plaintiff Ronald Robinson ("Plaintiff").

The allegations in Plaintiff's introductory paragraph are denied. As to the numbered paragraphs in Plaintiff's SAC, the numbered paragraphs below correspond to the like-numbered paragraphs of the SAC. Unless specifically admitted herein, each factual allegation in the SAC is denied.

**I.
OVERVIEW**

1.1 Defendants admit only that Plaintiff seeks recovery under the cited statute. The remaining allegations are denied.

1.2     Defendants admit only that Plaintiff seeks to represent a putative collective of individuals as defined in Paragraph 1.2, but deny that such a collective action is appropriate or should be certified.  The remaining allegations are denied.

1.3     The allegation in Paragraph 1.3 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

1.4     The allegation in Paragraph 1.4 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

1.5     The allegation in Paragraph 1.5 is vague and ambiguous, not allowing Defendant to respond specifically.  To the extent a response is deemed necessary, the allegation is denied.

1.6     The allegation in Paragraph 1.6 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

1.7     The allegation in Paragraph 1.7 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

1.8     The allegation in Paragraph 1.8 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

1.9     The allegation in Paragraph 1.9 is a conclusion of law to which no responsive pleading is required.  It also is vague and ambiguous, not allowing Defendant to respond specifically.  To the extent a response is deemed necessary, the allegation is denied.

1.10    Paragraph 1.10 is a prayer for relief to which no responsive pleading is required.  It also is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed to be required, Defendant denies that any relief is owed.

1.11    Paragraph 1.11 is a prayer for relief to which no responsive pleading is required.  To the extent a response is deemed to be required, Defendant denies that notice is necessary.

## II.
## THE PARTIES

2.1     Admitted in part and denied in part.  Defendants admit only that Plaintiff worked for Defendant RWLS within the past three years.  Defendants are without sufficient knowledge to admit or deny Plaintiff's current residence.  Whether or not Plaintiff's work for RWLS was "within the meaning of the FLSA" and whether he was "properly" paid are conclusions of law to which no responsive pleading is required.  To the extent responses are deemed necessary, the allegations are denied.  The remaining allegations are denied.

2.2     Defendants admit only that Plaintiff seeks to represent a putative collective of individuals.  The remaining allegations are denied.  By way of further response, Defendants deny that such a collective action is appropriate or should be certified.

2.3     Admitted.

2.4     Defendants admit only that Mr. Gray was served with process.  The remaining allegations are conclusions of law to which no responsive pleading is required.  To the extent responses are deemed necessary, the allegations are denied.

2.5     Defendants admit only that Mr. Cassady was served with process.  The remaining allegations are conclusions of law to which no responsive pleading is required.  To the extent responses are deemed necessary, the allegations are denied.

2.6     The allegation in Paragraph 2.6 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

## III.
## JURISDICTION & VENUE

3.1     The allegation in Paragraph 3.1 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

3.2     The allegation in Paragraph 3.2 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

3.3     The allegation in Paragraph 3.3 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

3.4     Denied.

3.5     The allegation in Paragraph 3.5 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

## IV.
## FLSA COVERAGE

4.1     The allegation in Paragraph 4.1 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

4.2     The allegation in Paragraph 4.2 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

4.3     The allegation in Paragraph 4.3 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

4.4     The allegation in Paragraph 4.4 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

4.5     The allegation in Paragraph 4.5 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

4.6     The allegation in Paragraph 4.6 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

4.7     The allegation in Paragraph 4.7 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

4.8     Admitted in part and denied in part. Defendants admit that Plaintiff defined the putative class as stated in Paragraph 4.8, but deny that such a collective action is appropriate or should be certified. The remaining allegations are denied.

4.9     Denied.

## V.
## FACTS

5.1     Admitted.

5.2     Admitted in part and denied in part. Defendants admit only that Defendant RWLS employed numerous workers. The allegation is denied with respect to Defendants Gray and Cassady. The remaining allegations are denied.

5.3     Admitted in part and denied in part. Defendants admit only that Defendant RWLS had the ability to hire and fire Plaintiff Robinson, supervised and controlled his work schedules and/or conditions of employment, set the rate and method for his payment, and maintained his employment records. The allegation is denied with respect to Defendants Gray and Cassady. The remaining allegations are denied.

5.4     Admitted in part and denied in part. The allegation is admitted only with respect to Defendant RWLS. The allegation is denied with respect to Defendants Gray and Cassady.

5.5     Denied.

5.6     Denied.

5.7     Denied.

5.8     Denied.

5.9     Denied.

5.10    Denied.

5.11    Denied.

5.12	Denied.

5.13	Denied.  By way of further response, from time to time, RWLS employees may have received bonuses in addition to their regular base pay.

5.14	Defendants admit only that the Plaintiff's compensation was intended to compensate him for all hours worked.  The remaining allegations are denied.

5.15	Defendants admit only that when Plaintiff met certain criteria, he could be eligible to receive a bonus.  The remaining allegations are denied.

5.16	Defendants admit only that when Plaintiff met certain criteria, he could be eligible to receive a bonus.  The remaining allegations are denied.

5.17	Paragraph 5.17 is a characterization of the law, with no factual allegation for Defendants to admit or deny.  To the extent a response is deemed necessary, the allegation is denied.

5.18	The allegation in Paragraph 5.18 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

5.19	The allegation in Paragraph 5.19 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

5.20	The allegation in Paragraph 5.20 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

5.21	The allegation in Paragraph 5.21 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

5.22	The allegation that "Defendants acted recklessly and willfully" is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.  The remaining allegations are denied.

5.23    Admitted in part and denied in part.  Defendants admit only that: (1) Defendant RWLS was sued in the two civil actions identified in Paragraph 5.23; and (2) the *Tvrdovsky* case settled in or about October 2014.  The plaintiffs' allegations in those two cases are contained in their respective complaints, which are documents that speak for themselves, and Defendants deny any characterizations or allegations that are inconsistent with those documents.  The remaining allegations are denied.

5.24    The allegation in Paragraph 5.24 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

## VI.
## CAUSES OF ACTION

**A.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1    The allegation in Paragraph 6.1 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

6.2    The allegation in Paragraph 6.2 is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.

6.3    Admitted in part and denied in part.  Defendants admit only that RWLS has previously been sued related to alleged violations of certain wage and hour statutory provisions. The remaining allegations in Paragraph 6.3 are denied.

6.4    The allegation that Defendants "knew (or should have known)" the lawfulness of their policies is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegation is denied.  Plaintiff's uses of the words "sophisticated" and "unsophisticated" are vague and ambiguous, not allowing Defendant to respond specifically.  To the extent a response is required the allegation is denied.  The remaining allegations are denied.

6.5     Admitted in part and denied in part. Defendants admit only that Defendant RWLS was sued in the civil action identified in Paragraph 6.5. The plaintiff's allegations in that case are contained in his complaint, which is a document that speaks for itself, and Defendants deny any characterizations or allegations that are inconsistent with that document. The allegations regarding Defendants' "reasonable[ness]," "good faith," and "reckless disregard" are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied. The remaining allegations are denied.

6.6     Admitted in part and denied in part. Defendants admit only that: (1) Defendant RWLS was sued in *Cesovski v. Renegade Wireline Services*; and (2) the *Tvrdovsky* case settled in or about October 2014. The plaintiffs' allegations in those two cases are contained in their respective complaints, which are documents that speak for themselves, and Defendants deny any characterizations or allegations that are inconsistent with those documents. Plaintiff's allegations that Defendants paid employees in an "unlawful" manners are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied. The remaining allegations are denied.

6.7     The allegation in Paragraph 6.7 is a conclusion of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegation is denied.

**B.     COLLECTIVE ACTION ALLEGATIONS**

6.8     Defendants admit that Plaintiff filed this lawsuit as a putative collective action, but deny that it is appropriate to proceed on a collective basis.

6.9     Denied.

6.10    Admitted in part and denied in part. Defendants admit that Plaintiff defined the putative class as stated in Paragraph 6.10. The remaining allegations are denied.

6.11　Denied.

6.12　Denied.

6.13　Denied.

6.14　Denied.

6.15　Denied.

6.16　Admitted in part and denied in part. Defendants admit that Defendant RWLS employed numerous workers during the stated time period. The remaining allegations are denied.

6.17　Denied.

6.18　Denied.

6.19　Admitted in part and denied in part. Defendants admit that Plaintiff defined the putative class as stated in Paragraph 6.19. The remaining allegations are denied. By way of further response, Defendants deny that such a collective action is appropriate or should be certified.

## VII.
## RELIEF SOUGHT

7.1　Paragraph 7.1 and its subparts are a prayer for relief to which no responsive pleading is required. To the extent a response is deemed to be required, Defendant denies that Plaintiff is entitled to any relief.

### **ADDITIONAL DEFENSES**

Defendant states the following additional defenses to the SAC but does not assume the burden of proof of any such defense except as required by applicable law with respect to the particular defense asserted.

1. Plaintiff has failed in whole or in part to state a claim upon which relief may be granted.

2. Plaintiff was properly classified under local, state and federal law as an exempt employee based on the executive, administrative, professional, Motor Carrier, and/or highly compensated employee exemptions.

3. Plaintiff was for certain applicable time periods paid a salary for all hours worked, however few or many.

4. To the extent Plaintiff is entitled to any overtime damages, such overtime should be calculated using, at most, the half-time rate.

5. Plaintiff's claims are barred, in part, by the applicable statutes of limitations or limitations periods.

6. Defendant has paid all compensation due and owing in accordance with the requirements of local, state and federal laws in that, among other things, its overtime payment calculations were correct.

7. Defendant's actions and/or omissions were, at all times material to the SAC, in good faith and in conformity with and reliance upon local, state and federal laws, administrative regulations, orders, rulings, statements, practices, approvals and/or interpretations.

8. Plaintiff cannot establish that any acts or omissions of Defendant were willful under the FLSA, or willful or intentional under any applicable state law.

9. Plaintiff's claims fail, in whole or in part, to the extent that he seeks compensation for activities that are considered non-compensable, whether under the Portal-to-Portal Act, or otherwise.

10. Plaintiff's claims are barred in whole or in part to the extent that other action(s) are pending on the same claims.

11. The claims are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

12. Defendant reserves the right to amend its pleadings to assert any additional affirmative defenses that become known or ascertained through the course of discovery.

WHEREFORE, Defendant, by counsel, respectfully requests judgment in its favor and against Plaintiff on all causes of action, that Plaintiff takes nothing by way of his SAC and for all other necessary and proper relief.

Dated: January 18, 2017

Respectfully submitted,

*/s/ Christian C. Antkowiak*

Christian C. Antkowiak (PA 209231)
christian.antkowiak@bipc.com
David J. Strauss (PA 316912, pro hac)
david.strauss@bipc.com
Buchanan Ingersoll & Rooney PC
301 Grant Street, 20th Floor
Pittsburgh, PA 15219
Phone: 412-562-8800
Fax:    412-562-1041

Brian S. Walsh (TX 24045276)
The Law Offices of Brian S. Walsh
516 Ave. H
Levelland, Texas 79336
Phone: 806-894-1541
Fax:    806-894-1543

*Attorneys for Defendants, RWLS, LLC,
d/b/a Renegade Wireline Services,
Matthew Gray and Randy Cassady*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a copy of the foregoing and that the Court's Electronic Filing System will provide notice of this filing to counsel of record for all parties.

*/s/ Christian C. Antkowiak*
Christian C. Antkowiak
