FILED

DEC 0 6 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
               DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RONALD ROBINSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, *ET AL.*,<br><br>*Plaintiffs*,<br><br>vs.<br><br>RWLS, LLC, D/B/A RENEGADE SERVICES; MATTHEW GRAY, RANDY CASSIDY, GRAY MATTHEW,<br><br>*Defendants*. | 5:16-CV-00201-OLG-RBF |

## **ORDER**

Before the Court is the Motion to Dismiss Delinquent Plaintiffs for Failure to Respond to Discovery Requests filed by Defendants RWLS, LLC d/b/a Renegade Services, Matthew Gray, Randy Cassidy, and Gray Matthew. *See* Docket No. 144. By and through their motion, Defendants request that the Court dismiss seven opt-in Plaintiffs who have failed to respond to discovery requests as previously ordered by the Court. For the reasons discussed below, the Court believes that dismissal of these non-responsive opt-in Plaintiffs—pursuant to Federal Rules of Civil Procedure 41(b) and/or 37(b)(2)(A)—is appropriate under the present circumstances.

Plaintiff Ronald Robinson initiated this Fair Labor Standards Act collective action against Defendants on February 25, 2016, claiming that Defendants failed to pay him—and others similarly situated—overtime wages for all hours worked in excess of forty hours per workweek. *See* Docket No. 1. On February 6, 2017, the Court adopted the recommendation of United States Magistrate Judge John W. Primomo and conditionally certified a class of:

> All field personnel, including but not limited to riggers, operators, engineers in training, and engineers, employed by Defendants from [three years prior to the date notice is issued] to the present who were paid on a salary-plus-job bonus basis.

*See* Docket No. 72.

On January 24, 2018, after consultation with the parties, United States Magistrate Judge Richard B. Farrer entered a discovery control plan to govern this collective action. *See* Docket No. 119. This discovery control plan limited oral and written discovery to four of the eight engineering plaintiffs (with each party selecting two individuals) and fifteen of the thirty-three operator plaintiffs (with each side selecting seven individuals and one additional plaintiff to be selected randomly by the parties using a process the parties agree upon). *Id.* Although counsel for both Plaintiffs and Defendants have worked diligently and cooperatively together in completing discovery in this case, the parties have repeatedly encountered difficulty in ensuring that certain opt-in Plaintiffs who have been selected for representative discovery respond to outstanding discovery requests. *See* Docket Nos. 129, 131, 137. Accordingly, Magistrate Judge Farrer has issued at least two orders in this case specifically advising the non-responsive Plaintiffs that failure to respond to written discovery requests or a properly noticed deposition will result in dismissal of their claims. *See* Docket Nos. 136 & 142.[1]

Despite these orders and numerous attempts to secure their compliance, Defendants allege, and Plaintiffs do not contest, that the following opt-in Plaintiffs have failed to respond to properly propounded oral or written discovery requests: Mark Beard, Fabian Trevino, Chris Martinez, Bryant Roberson, Ryan Waygood, Christopher Berry, and Miguel Hernandez. *See* Docket No. 144. Accordingly, Defendants request dismissal of these seven opt-in Plaintiffs for failure to

---

[1] For example, Judge Farrer's July 13, 2018 order stated as follows:

> The delinquent plaintiffs subject to representative discovery named in Defendants' motion shall respond to Defendants' outstanding written discovery requests on or before July 30, 2018. **Plaintiffs are advised that failure to timely respond to these discovery requests will result in dismissal of their claims.** *See* Fed. R. Civ. P. 41(b); Fed. R. Civ. P. 37(a)(5)(b)(2)(A)(v).

*See* docket no. 136 (boldface emphasis in original). Judge Farrer's October 30, 2018 order contained a similar warning with similar emphasis. *See* docket no. 142.

prosecute or comply with the Court's orders. Plaintiffs' deadline to respond has passed, and Plaintiffs have not filed a response to Defendants' motion.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action either *sua sponte* or on motion by a defendant where a plaintiff fails to prosecute or to comply with a court order. *See Hastings v. Littlefield*, 988 F.2d 1209 (5th Cir. 1993). In addition, "Rule 37 grants federal courts broad discretion in deciding whether to dismiss the action of a plaintiff who fails to comply with disclosure and discovery requirements." *Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 296 (5th Cir. 2016). Under the circumstances of this case, the Court finds that dismissal of the above-referenced opt-in Plaintiffs who have failed to comply with properly propounded discovery requests is appropriate under Rule 41(b) and/or Rule 37(b)(2)(A).

Because this FLSA action was initiated in 2016, dismissal of these Plaintiffs, even if it is technically "without prejudice," *may* effectively result in their claims being dismissed with prejudice.[2] For that reason, dismissal under Rule 41(b) is only appropriate if: (1) there is a clear record of delay or contumacious conduct by these opt-in Plaintiffs and (2) the Court determines that lesser sanctions would not serve the interests of justice by prompting diligent prosecution, or where lesser sanctions have been employed but proved to be futile. *See Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). In addition, the Fifth Circuit generally only affirms dismissals with prejudice upon a finding of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* at n.9. "The presence of one aggravating factor, along with a record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice." *Price v. McGlathery*, 792 F.2d 472, 475 (5th Cir. 1985). "The district court's

---

[2] The Court has not fully analyzed whether any Plaintiff's claims would be barred, however, for the purposes of the analysis in this Order, the Court will assume that *may* be the case.

3

consideration of lesser sanctions should appear in the record for review of the court's exercise of its discretion." *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985).

The Court finds that the above-referenced factors are met in this case. As discussed above, the record reflects that these seven opt-in Plaintiffs have failed to comply with Judge Farrer's two prior orders, as well as multiple requests from their own attorneys. This behavior represents contumacious conduct and has delayed both sides' ability to engage in representative discovery. Under these circumstances, the Court finds that lesser sanctions would not be effective, as the non-responsive Plaintiffs (i) have not responded to their own attorney's communications, (ii) have already been given multiple opportunities to comply with their discovery obligations, and (iii) have been warned that dismissal would result if they did not comply with their obligations or the Court's orders. *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 316 (5th Cir. 2013) (affirming dismissal of claims as sanction after district court had issued two discovery orders specifically warning that dismissal would be the penalty for noncompliance). At this point, the Court is unaware of any lesser sanctions it could order to induce the non-responsive Plaintiffs' compliance, nor has Plaintiffs' counsel suggested any appropriate lesser sanctions in a response to Defendants' motion. *See United States v. $49,000 Currency*, 330 F.3d 371, 379 (5th Cir. 2003) (rejecting the contention that a district court is "required to attempt to coax [parties] into compliance with its order by imposing incrementally increasing sanctions."). Finally, at least two of the requisite "aggravating factors" are present in this case. Specifically, any delay in responding to the outstanding discovery requests was caused by the individual opt-in Plaintiffs, not their attorneys, and this delay has caused actual prejudice to the Defendants' ability to mount a defense to this collective action.[3] *See Coleman*, 745 F.3d at 766 n.9 (describing relevant "aggravating factors").

---

[3] *See, e.g., Craig v. Rite Aid Corp.*, Civ. Action No. 4:08-CV-2317, 2011 U.S. Dist. LEXIS 153670, *32-33 (M.D. Pa. Nov. 8, 2011) ("[T]here is an undeniable prejudice to all parties which flows from the inaction of these particular representative plaintiffs. The failure of these plaintiffs to

4

Accordingly, the Court concludes that dismissal of the non-responsive Plaintiffs' claims is appropriate under Rule 41(b). For these same reasons, the Court finds that dismissal is also appropriate pursuant to Rule 37.[4]

**IT IS THEREFORE ORDERED** that Defendants' motion (docket no. 144) is **GRANTED,** and the following Plaintiffs are **DISMISSED** from this suit:

- Mark Beard
- Fabian Trevino
- Chris Martinez
- Bryant Roberson
- Ryan Waygood
- Christopher Berry; and
- Miguel A. Hernandez

It is so **ORDERED**.

**SIGNED** this 6 day of December, 2018.

ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE

---

cooperate with discovery scheduling completely undermines efforts to engage in meaningful representative discovery in this matter. It impedes case certification litigation, and frustrates all efforts by the defendants to mount a defense to this proposed collective action under FLSA, thus clearly prejudicing the defense's ability to prepare effectively a full and complete trial strategy.") (quotations and citation omitted).

[4] *See Moore*, 735 F.3d at 316 (explaining that the following factors must be present before a district court may dismiss a case with prejudice as a sanction for violating a discovery order: (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation of the discovery order must be attributable to the client instead of the attorney; (3) the violating party's misconduct must substantially prejudice the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.") (quotations omitted). As described above, each of the Rule 37 factors are present in this case.