IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RONALD ROBINSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED *ET AL.*, | § § § § § § § § § § § § § § | 5-16-CV-00201-OLG-RBF |
| *Plaintiffs*, | | |
| vs. | | |
| RWLS, LLC, D/B/A RENEGADE SERVICES; MATTHEW GRAY, RANDY CASSIDY, GRAY MATTHEW, | | |
| *Defendants*. | | |

## **ORDER**

Before the Court is the status of the above-referenced case. On December 13, 2018, the parties successfully mediated this case before U.S. Magistrate Judge Chestney. *See* Dkt. No. 146. Following the mediation the parties were to submit, on or before January 14, 2019, their motion for an order finally approving the settlement. *See id.* This deadline was extended on several occasions pursuant to the parties' request, and it has now since expired. On March 8, 2019, Judge Chestney held a teleconference related to certain issues that arose while finalizing the settlement agreement. *See* Dkt. No. 152. A second settlement telephone conference is scheduled to occur on April 12 before Judge Chestney.

This case has been effectively abated while the parties finalize their settlement agreement. Because of the numerous delays in the finalization, the Court concludes that this case is appropriate for administrative closure. *See Mire v. Full Spectrum Lending, Inc*., 389 F.3d 163, 167 (5th Cir. 2004) (explaining that district courts frequently make use of this device to remove inactive cases from their pending dockets and that "[t]he effect of an administrative closure is no

different from a simple stay"); *see also CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250 (5th Cir. 2006).

The Clerk's office is therefore **DIRECTED** to administratively close this case pending further order of the Court. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request by any party or on the Court's own motion. *See Mire*, 389 F.3d at 167. In addition, the parties may file documents and motions in the case despite the administrative closure.

The parties are directed to submit, within **ten (10) days** after they have finalized their settlement agreement, their motion for an order finally approving the settlement. If the parties are unable to file such a motion **within sixty (60) days** after the date of this Order, they should at that time instead file a joint advisory that updates the Court on the status of this case, and they should continue to file such an advisory upon the expiration of each sixty-day period thereafter.

**IT IS SO ORDERED**.

SIGNED this 21st day of March, 2019.

 _____
 RICHARD B. FARRER
 UNITED STATES MAGISTRATE JUDGE